1

2                                                                    o

3                                              ┌─────────────────────────────┐
                                               │            FILED            │
4                                              │ CLERK, U.S. DISTRICT COURT   │
                                               │  ┌───────────────────────┐  │
5                                              │  │     APR 2 3 2014       │  │
                                               │  └───────────────────────┘  │
6                                              │ CENTRAL DISTRICT OF CALIFORNIA│
                                               │ BY                    DEPUTY │
7                                              └─────────────────────────────┘

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10                             WESTERN DIVISION

11   XI A. LIENG,                      )   No. CV 14-02722-JAK (DFM)
                                       )
12                   Petitioner,       )
                                       )   ORDER SUMMARILY
13              v.                     )   DISMISSING PETITION FOR
                                       )   LACK OF JURISDICTION
14   UNITED STATES OF AMERICA          )
     et al.,                           )
15                                     )
                                       )
16                   Respondent.       )

17

18                                    I.

19                             BACKGROUND

20        Xi A. Lieng ("Petitioner") is a federal prisoner incarcerated at the

21   Federal Correctional Institution at Lompoc, California. He is serving a 121-

22   month sentence imposed by the United States District Court for the Eastern

23   District of California in United States v. Xi Andy Lieng et al., Case No. 1:07-

24   CR-00316-LJO-SKO. According to the Bureau of Prisons, he is projected to be

25   released on January 29, 2021.[1]

26   ─────────────────

27        [1] The Court takes judicial notice of the Eastern District's court records

28   under Fed. R. Evid. 201(b). The Court likewise takes judicial notice of

1    On April 9, 2014, Petitioner filed in this Court a Notice of Motion and
2  Motion to Cancel an Immigration Detainer Upon a § 2241 Habeas Corpus
3  Motion for Relief ("Motion") and accompanying Memorandum of Points and
4  Authorities to Support a Habeas Corpus Petition Upon a § 2241 Motion to
5  Cancel an Immigration Detainer ("Memorandum"). Petitioner challenges the
6  legality of an immigration detainer that the United States Immigration and
7  Customs Enforcement ("ICE") has apparently filed against him for his
8  removal once his present sentence has been completed. He argues that no
9  deportation action has been taken within the proper statutory time frame.
10  Petitioner also claims that prison officials are using the detainer to prevent him
11  from participation in BOP's residential drug abuse program ("RDAP").

12    For the reasons discussed below, this action should be dismissed for lack
13  of jurisdiction.

## II.

## DISCUSSION

16    "Federal courts are always under an independent obligation to examine
17  their own jurisdiction, . . . and a federal court may not entertain an action over
18  which it has no jurisdiction." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th
19  Cir. 2000) (citations and quotation marks omitted); <u>see also</u> Fed. R. Civ. P.
20  12(h)(3) ("If the court determines at any time that it lacks subject-matter
21  jurisdiction, the court must dismiss the action."). Here, the Court lacks
22  jurisdiction to consider Petitioner's claims.

23    Federal habeas corpus jurisdiction is limited to petitions from persons
24  who are "in custody in violation of the Constitution and laws of the United
25  States." 28 U.S.C. § 2241(c)(3); <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989).

26  _____
27  Petitioner's inmate records with the BOP, which are available on the Internet
    at <u>www.bop.gov</u>.
28

2

1   The Supreme Court has interpreted this statutory language to mean "in
2   custody" pursuant to the conviction or sentence under attack at the time the
3   petition is filed. Maleng, 490 U.S. at 490-91. The only exception is where a
4   petitioner can show adverse legal collateral consequences that give rise to an
5   injury-in-fact sufficient to satisfy the case-or-controversy requirement of Article
6   III, § 2. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Consequently, an ICE
7   detainer does not place a petitioner "in custody" for purposes of eligibility to
8   seek habeas corpus relief. Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)
9   ("[T]he bare detainer letter alone does not sufficiently place an alien in [ICE]
10  custody to make habeas corpus available."), superseded by statute on other
11  grounds as stated in Campos v. Immigration & Naturalization Serv., 62 F.3d
12  311, 314 (9th Cir. 1995).
13      The Ninth Circuit has recognized one exception to this rule, which it
14  describes as follows:
15          We have broadly construed "in custody" to apply to situations in
16          which an alien is not suffering any actual physical detention; i.e.,
17          so long as he is subject to a final order of deportation, an alien is
18          deemed to be "in custody" for purposes of the [Immigration and
19          Nationality Act], and therefore may petition a district court for
20          habeas review of that deportation order.
21  Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995).
22      Here, it appears from the Motion and the Memorandum that Petitioner
23  is challenging a bare ICE detainer. There is no showing or suggestion that
24  Petitioner is subject to a final deportation order; in fact, the root of Petitioner's
25  claim is that he has not received a deportation hearing. See, e.g.,
26  Memorandum at 5 ("In this case at bar the petitioner claims that he was
27  harmed through the due process violations incurred during the origination of
28  the immigration detainer . . . the so called process of deportation has not

3

1    concluded as required by the Supreme Court . . . that requires immigration
2    orders to conclude or be heard by an immigration judge within 6 months.").
3    Because Petitioner is challenging only a bare ICE detainer, this Court is
4    without jurisdiction to consider his action. Maleng, 490 U.S. at 490; Garcia, 40
5    F.3d at 303-04.
6            Petitioner's claim that BOP is improperly denying him of the ability to
7    participate in RDAP  or other rehabilitative programs as a result of the ICE
8    detainer or pending removal proceedings fares no better. The Ninth Circuit has
9    held that this Court does not have subject matter jurisdiction to address such
10   claims. See Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("[A]ny
11   substantive decision by the BOP to admit a particular prisoner into RDAP, or
12   to grant or deny a sentence reduction for completion of the program, is not
13   reviewable by the district court. The BOP's substantive decisions to remove
14   particular inmates from the RDAP program are likewise not subject to judicial
15   review.").
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

4

### III.

### CONCLUSION

This Court lacks jurisdiction to decide the merits of Petitioner's challenge to the ICE detainer as well as any BOP decision to preclude his participation in a rehabilitation program. IT IS THEREFORE ORDERED that judgment be entered summarily dismissing this action without prejudice for lack of jurisdiction. All pending motions are denied as moot.

Dated: April 22, 2014

JOHN A. KRONSTADT
United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge